UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PEGGY DINKEL, VALARIE GADSON, and
DEIDRE BECKFORD, for themselves and all
others similarly situated,

        Plaintiffs,

        v.

MEDSTAR HEALTH, INC., and
WASHINGTON HOSPITAL CENTER,

        Defendants.

Civil Action No. 11-00998 (CKK)

**MEMORANDUM OPINION AND ORDER**
(July 25, 2012)

Plaintiffs, current and former employees of Washington Hospital Center ("WHC"), claim that Defendants violated the Fair Labor Standards Act ("FLSA") and the District of Columbia Minimum Wage Act ("DC-MWA") by failing to compensate them for "meal break" and "uniform maintenance" work. This opinion resolves two motions: Defendants' [21] Motion for Partial Summary Judgment Concerning Plaintiffs' Uniform Maintenance Claim ("Motion for Summary Judgment") and Plaintiffs' [27] Motion under Federal Rule of Civil Procedure 56(d) for a Continuance to Take Discovery ("Rule 56(d) Motion"). Upon careful consideration of the parties' submissions, the relevant authorities, and the record as a whole,[1] Plaintiffs' Rule 56(d) Motion shall be GRANTED and Defendants' Motion for Summary Judgment shall be DENIED

---

[1] While the Court bases its decision on the record as a whole, its consideration has focused on the parties' memoranda and accompanying materials. *See* ECF Nos. [21, 26, 27, 28, 29, 31]. When citing to memoranda or other papers, the Court shall simply identify the party and docket number and provide a brief document descriptor (*e.g.*, "Defs.' [21] Mem."). In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

WITHOUT PREJUDICE. Defendants may renew their motion after merits discovery and in accordance with a schedule set by the Court.

## I.  BACKGROUND

Plaintiffs Peggy Dinkel, Valarie Gadson, and Deidre Beckford, current and former WHC employees, commenced this action on May 26, 2011, asserting claims under the FLSA and DC-MWA on behalf of themselves and others similarly situated. *See* Pls.' [1] Compl. On September 28, 2011, Marlene Barber, Adama Gibateh, Jovita Ike, Donna Lawrence, Rajini Raj, Vilasini Sarang, and Barbara Townsend consented to join in the action as plaintiffs. *See* Pls.' [16] Consents.

Plaintiffs claim that Defendants violated the FLSA and DC-MWA by failing to compensate them for so-called "meal break" and "uniform maintenance" work. *See* Pls.' [1] Compl. ¶¶ 42-52. Plaintiffs' uniform maintenance claim, the only claim subject to the pending motions, turns on the overarching allegation that Defendants maintained and enforced policies that required Plaintiffs to "clean and maintain all the components of their work uniform in good and presentable condition" but failed to compensate Plaintiffs for such activities. *Id.* ¶ 31.

All WHC employees are subject to Human Resource Policy 402, entitled "Dress and Appearance." *See* Defs.' [21] Stmt. ¶ 10; Pls.' [26-2] Stmt. ¶ 10. That policy outlines "[t]he standards of dress and appearance . . . set[ting] forth the minimum requirements to which all associates . . . are required to adhere." Defs.' [21] Stmt. Ex. C, Attach. 1 at 1. Among other things, "[e]very associate is expected to practice daily hygiene and good grooming habits, which includes [sic] wearing neat uniforms or clothing and shoes." *Id.* at 2.

Associates must also wear the uniform designated by departmental policy. *See* Defs.' [21] Stmt. ¶ 12; Pls.' [26-2] Stmt. ¶ 12. Nurses typically wear ciel scrubs, Emergency Services

Technicians typically wear gray scrubs, and Unit Clerks typically wear a blazer or vest, a dress shirt or blouse, slacks or a skirt, and a neck tie for male clerks. *See* Defs.' [21] Stmt. ¶¶ 21, 24, 35; Pls.' [26-2] Stmt. ¶¶ 21, 24, 35.

Associates are responsible for maintaining their own uniforms. *See* Defs.' [24] Stmt. ¶¶ 26, 37; Pls.' [26-2] Stmt. ¶¶ 26, 37. Defendants contend that uniforms can be machine-washed at home with other clothing and do not require special treatment. *See* Defs.' [24] Stmt. ¶¶ 27-30, 38-39. Plaintiffs respond that their uniform maintenance activities include spot cleaning, washing, drying, and ironing their uniforms. *See* Pls.' [28-1] Decls. ¶ 5; Pls.' [31-1] Decls. ¶ 13. Plaintiffs further claim that because their work exposes them to bacteria and germs that could be transmitted through contact, they regularly wash their uniforms after each use and separately from their ordinary laundry. *See* Pls.' [28-1] Decls. ¶¶ 6-9. Plaintiffs estimate that these activities subsume between one and three hours during a typical week. *See id.* ¶ 10.

## II. DISCUSSION

Defendants contend that they are entitled to pre-discovery summary judgment on Plaintiffs' "uniform maintenance" claim because the limited uniform maintenance actually required by Defendants' policies does not qualify as compensable activity under the FLSA or DC-MWA. This contention further divides into two basic arguments. First, Defendants argue that uniform maintenance is not a compensable "principal" activity. *See* Defs.' [21] Mem. at 6-8; Defs.' [29] Mem. at 2-7. Second, Defendants argue that the time spent on uniform maintenance is *de minimis*. *See* Defs.' [21] Mem. at 8-9.

In response to these arguments, Plaintiffs counter in part that they should be allowed to conduct discovery on the relationship between Defendants' uniform maintenance policies and their infection-control and patient-safety practices before having to defend against a motion for

summary judgment on these grounds.  Because the Court finds that Plaintiffs are entitled to conduct discovery, Plaintiffs' Rule 56(d) Motion shall be GRANTED and Defendants' Motion for Summary Judgment shall be DENIED WITHOUT PREJUDICE.

\* \* \*

Plaintiffs seek relief under Federal Rule of Civil Procedure 56(d), which provides:

> **When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)   defer considering the motion or deny it;
>
> (2)   allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)   issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Plaintiffs, as the parties seeking relief under Rule 56(d), bear the burden of making the required showing.  *Id.*  The decision whether to grant or deny relief under Rule 56(d) is entrusted to the Court's discretion, *Pardo-Kronemann v. Donovan*, 601 F.3d 599, 611-12 (D.C. Cir. 2010), but "[a] motion requesting time for additional discovery should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence,'" *Convertino v. U.S. Dep't of Justice*, __ F.3d __, 2012 WL 2362591, at \*4 (D.C. Cir. June 22, 2012) (quoting *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995), *cert. denied*, 517 U.S. 1208 (1996)).  That is particularly true where, as here, the court is presented with a pre-discovery motion for summary judgment because "[s]ummary judgment . . . is proper only after the plaintiff has been given adequate time for discovery." *Info. Handling Servs., Inc. v. Def. Automated Printing Servs.*, 338 F.3d 1024, 1032 (D.C. Cir. 2003) (quotation marks omitted).  With these principles in mind, the Court now applies the relevant three-part inquiry.

> A.   *Have Plaintiffs outlined the facts they seek to discover and described why those facts are necessary?*

Plaintiffs must first "outline the particular facts" that they seek to discover and "describe why those facts are necessary to the litigation." *Convertino*, 2012 WL 2362591, at *5. Here, Plaintiffs seek to depose three of the declarants proffered by Defendants in support of their Motion for Summary Judgment, each of whom purports to be familiar with WHC's policies and practices concerning uniforms, dress, and appearance, in order to probe the relationship between Defendants' uniform maintenance policies and their infection-control and patient-safety practices. *See* Pls.' [27-1] Decl. ¶ 2; Defs.' [21-3, 21-4, 21-5] Decls. ¶ 2.

Why might this be relevant? The FLSA[2] requires employers to pay minimum wage for compensable working time and an overtime premium for compensable hours worked in excess of forty hours per week. *See* 29 U.S.C. §§ 206, 207. All time that an employee spends performing his or her "principal" activities, including activities that are "integral and indispensable" to principal activities, must be counted as compensable working time.[3] *See Steiner v. Mitchell*, 350 U.S. 247, 249 (1956). Here, the relationship between Defendants' uniform maintenance policies and their infection-control and patient-safety practices has some bearing on whether Plaintiffs' alleged uniform maintenance activities qualify as principal activities.

For example, an activity is integral and indispensable to a principal activity, and therefore itself a principal activity, if it is "1) necessary to the principal work performed; and 2) primarily

---

[2] Neither Plaintiffs nor Defendants claim that there is any material difference between the FLSA and DC-MWA for purposes of the pending motions.

[3] In contrast, an employee is not entitled to compensation for "activities which are preliminary to or postliminary to said principal activities . . . ." 29 U.S.C. § 254(a)(2).

5

benefit[s] the employer."[4] *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 366 (4th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 1634 (2012). An activity is "necessary" if it "is required by law, by company policy, or by the nature of the work performed." *Id.* Therefore, if Plaintiffs are able to establish a sufficient nexus between their specific alleged uniform maintenance activities and Defendants' infection-control and patient-safety practices, that showing would be relevant to the question of whether the activities are required by company policy or the nature of the work performed and therefore constitute principal activities.[5] For this reason, the Court shall permit Plaintiffs to engage in discovery before having to defend against Defendants' argument that their uniform maintenance activities do not qualify as principal activities.

This conclusion also counsels in favor of withholding judgment on Defendants' alternative argument that the time spent on uniform maintenance is too *de minimis* to qualify as compensable activity. *See Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 409 (5th Cir. 2011) (*per curiam*) ("[E]ven if Plaintiffs' activities are integral and indispensable to a principal activity, they nevertheless may be non-compensable if they are de minimis."). If the uniform maintenance activities identified and alleged by Plaintiffs are indeed principal activities, a fact-finder could conclude that Plaintiffs spent as many as three hours a week performing such activities. That much time would almost certainly preclude a defense based on the *de minimis* doctrine. *See Lesane v. Winter*, __ F. Supp. 2d __, 2011 WL 6976649, at *7 (D.D.C. Dec. 30,

---

[4] Courts have adopted varying formulations of the "integral and indispensable" standard. *See, e.g., Singh v. City of New York*, 524 F.3d 361, 370 n.2 (2d Cir. 2008). The differences between those formulations do not affect the bottom-line result here and the Court's citation to the formulation adopted by the Fourth Circuit should not be construed as an indication that the Court will apply that precise formulation in the future.

[5] The Court does not opine one way or another on the merits of this relationship, though it has some doubt that Plaintiffs will ultimately be able to show that activities like ironing meaningfully contribute to infection control or patient safety. The answer to that question, however, must await further development of the factual record.

2011) ("Most courts have found that tasks that take less than 10 minutes each working day are *de minimis*.").

      B.     *Have Plaintiffs explained why they could not produce the facts in opposition to Defendants' motion?*

Plaintiffs must next explain why they could not produce the sought-after discovery in opposition to Defendants' Motion for Summary Judgment. *Convertino*, 2012 WL 2362591, at *5. The answer is simple enough: although the parties have engaged in limited discovery relating to conditional certification, they have not conducted nor has the Court required them to conduct merits-based discovery. The Court is satisfied that Plaintiffs' present inability to present information is not attributable to a lack of reasonable diligence.

      C.     *Have Plaintiffs shown that the information is discoverable?*

Finally, Plaintiffs "must show [that] the information is in fact discoverable." *Convertino*, 2012 WL 2362591, at *5. Where, as here, no privilege or other bar to disclosure has been asserted and the information is in the possession, custody, or control of one of the parties, this inquiry effectively merges with the question of whether the sought-after discovery is "necessary to the litigation." *Id.* For reasons already discussed, the Court finds that Plaintiffs have made this showing. *See supra* Part II.A.

                \*  \*  \*

In sum, the Court finds that Plaintiffs have made a sufficient showing to obtain relief under Rule 56(d). Accordingly, Plaintiffs' Rule 56(d) Motion shall be GRANTED and Defendants' Motion for Summary Judgment shall be DENIED WITHOUT PREJUDICE. *See* Fed. R. Civ. P 56(d)(1) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer

considering the motion or deny it[.]"). Defendants may renew their motion upon further development of the factual record.

Before concluding, the Court pauses to emphasize that its consideration of Plaintiffs' Rule 56(d) Motion comes at a particular time and a particular procedural posture. Most notably, the Court has not authorized and the parties have not conducted any merits-based discovery. This fact is critical because pre-discovery motions for summary judgment are disfavored in this Circuit. *Bourbeau v. Jonathan Woodner Co.*, 600 F. Supp. 2d 1, 3 (D.D.C. 2009). Discovery allows parties to fully develop and refine their theories of the case and to marshal evidence in support of those theories. Once a party has been afforded the benefits of discovery, a much more particularized and thorough showing may be required to justify relief under Rule 56(d). *See, e.g.*, *Harrison v. Office of the Architect of the Capitol*, __ F.R.D. __, 2012 WL 1059087, at *1-3 (D.D.C. Mar. 29, 2012).

### III.  CONCLUSION AND ORDER

For the reasons set forth above, it is, this 25th day of July, 2012, hereby

**ORDERED** that Plaintiffs' [27] Rule 56(d) Motion is GRANTED and Defendants' [21] Motion for Summary Judgment is DENIED WITHOUT PREJUDICE. Defendants may renew their motion after merits discovery and in accordance with a schedule set by the Court.

**SO ORDERED.** 　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**
　　　　　　　　　　　　　　　　　　　　United States District Judge