IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEGGY DINKEL, VALARIE GADSON, AND DEIDRE BECKFORD, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MEDSTAR HEALTH INC. AND WASHINGTON HOSPITAL CENTER,<br><br>Defendants. | Civil Action No. 1:11-CV-00998-CKK |

**MEDSTAR AND WHC'S
MOTION TO DISMISS 81 TIME-BARRED OPT-IN PLAINTIFFS**

MedStar Health Inc. ("MedStar") and Washington Hospital Center ("WHC") submit this memorandum in support of their motion to dismiss with prejudice all of the claims brought by 81 time-barred opt-in Plaintiffs.  Counsel for the parties have conferred with the Court, and file this Motion as a motion to dismiss pursuant to the Court's communication on August 29, 2013.  Counsel have also conferred in advance of this Motion and agree that a briefing schedule should follow the standard time allowed for by the Court's Local Rules.  In support of this Motion, Defendants MedStar and WHC state as follows:

1.  The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., prescribes two and three-year periods of limitations for claims brought pursuant to its provisions.  *See* 29 U.S.C §255(a).

2.  The statute of limitations in an FLSA collective action, such as this case, runs until such time as a plaintiff files in court a written consent to join the action.  *See* 29 U.S.C §§ 256, 255(a); *see also Robinson-Smith v. Gov't Emps. Ins. Co*., 424 F. Supp. 2d 117, 119 (D.D.C. 2006) ("For each plaintiff who opts in to [an FLSA collective action] after the filing of

the complaint, the action is not considered commenced for purposes of the statute of limitations until the date on which the plaintiff's written consent is filed with the court.").

3.  Recoverable unpaid time, assuming such is due, is therefore limited to that which was earned, but unpaid, during the periods of either two or three years before the filing of a plaintiff's written consent to join the suit and a particular collective action plaintiff's suit is not deemed commenced for limitations purposes until the date of filing of the consent. *See* 29 U.S.C. § 256.

4.  Those opt-in Plaintiffs who worked at one of the three MedStar facilities located in the District of Columbia also assert claims under the D.C. Minimum Wage Act, which has a statute of limitations of three years. D.C. Code § 32-1013.

5.  The 81 opt-in Plaintiffs at issue in this Motion executed their written consents to join this suit more than three-years after their last day of work at a MedStar facility and are indisputably time-barred, even under a three-year limitations period.

6.  For these reasons, and the reasons set forth in the accompanying Memorandum in Support, MedStar and WHC respectfully request that this Court enter an Order dismissing the 81 time-barred opt-in Plaintiffs at issue in this Motion from this lawsuit with prejudice.

                                Respectfully submitted,

                                **JACKSON LEWIS, LLP**

September 19, 2013              /s/ Paul DeCamp

                                Paul DeCamp (D.C. Bar No. 476244)
                                Elizabeth C. Young (*pro hac vice*)
                                JACKSON LEWIS, LLP
                                10701 Parkridge Blvd., Suite 300
                                Reston, VA  20191
                                Tel:     (703) 483-8300
                                E-mail: DeCampP@jacksonlewis.com
                                E-mail: YoungE@jacksonlewis.com

                                Counsel for MedStar Health Inc. and
                                Washington Hospital Center

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the foregoing was electronically filed with the Clerk's Office served using this court's CM/ECF system which will then serve a notice of electronic filing (NEF) on the judge and plaintiff's counsel.

/s/ Paul DeCamp
Paul DeCamp

4820-2409-6278, v. 1