UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEGGY DINKEL, VALARIE GADSON, AND DEIDRE BECKFORD, for themselves and all others similarly situated,<br>        Plaintiffs,<br><br>        v.<br><br>MEDSTAR HEALTH INC. AND WASHINGTON HOSPITAL CENTER,<br>        Defendants. | Civil Action No. 11-0998 (CKK-AK) |

**MEMORDANDUM ORDER**

The pending motion is Plaintiffs' Motion to Compel [84] pertaining to two classes. First, the Meal Break Class, partially certified, contains twenty members seeking recovery for unpaid meal breaks. Defs.' Opp'n to Pls.' Mot. to Compel [88] at 1-2. Second, the Uniform Maintenance Class, conditionally certified, contains 454 distinct members seeking recovery for unpaid time spent maintaining their uniforms. *Id.* The parties stated at the hearing that virtually all of the twenty Meal Break Class members are also members of the Uniform Maintenance Class.

Plaintiffs' Motion to Compel [84] was six discovery requests to which Defendant had previously objected. Three of these were document requests (Plaintiffs' Third Set of Document Requests numbers one, three, and four) and three of these were interrogatories (Plaintiffs' First Set of Interrogatories numbers one, two, and three). Defendants filed their Opposition [88] and Plaintiffs sought leave to file a Reply [90], although the District Judge had stated in the Minute Order of October 1, 2013, that "A reply from Plaintiffs on this motion will not be necessary." The District Judge referred to the undersigned resolution of Plaintiffs' Motion to Compel and all remaining discovery disputes. [86]. This Court held a Discovery Status Conference on January 10, 2014. By the time the parties arrived at the hearing, they had resolved half of the disputes, namely Document Request three and Interrogatories one and two.

1

The active disputes consisted of the following requests:

- Document Request One: "Produce documents that refer, relate or pertain to the named Plaintiffs and opt-ins, including but not limited to their complete personnel file and electronic mail account."

- Document Request Four: "Produce documents that constitute, evidence, refer or pertain to the job duties for the named Plaintiffs and opt-ins."

- Interrogatory Three: "Identify the total number of times Defendants provided a payment to each person identified in response to Interrogatory 1 to reimburse them for a missed meal break period of 30 minutes or more."

Motion to Compel [84] at 2-3.

As to Document Request One, the parties agreed that the request has been satisfied as to the first of the two Classes, the Meal Break Class members. Defendants objected to providing the requested documents with regard to members of the other Class, the Uniform Maintenance Class. At the hearing, Plaintiffs agreed to narrow the discovery request to cover disciplinary records and performance reviews. Plaintiffs seek these documents to establish the extent to which Plaintiffs were disciplined or received downgrades in their performance reviews because of failure to follow the uniform maintenance policy.

Plaintiffs have already had a sampling of approximately twenty personnel files of the Uniform Maintenance Class members, because virtually all of the Meal Break Class members are also Uniform Maintenance Class members. Recognizing that it imposes some burden on Defendants to produce additional personnel files of the larger class, the Court nonetheless finds it appropriate to provide an additional sampling of thirty files containing disciplinary records and performance reviews. This production should suffice to provide a sufficient indication of the facts Plaintiffs seek, without a disproportionate burden to Defendants.

In the following two paragraphs, the undersigned provides choices to the parties for the production in Document Request One. In lieu of the choices given to the parties in the following two paragraphs, the parties may mutually agree as to how Defendants may produce the requested documents.

First, with respect to the additional thirty samples, Plaintiffs may choose whether they prefer (a) to name which Uniform Maintenance Class members' files are produced, or (b) for Defendant to produce a random selection of those files, or (c) a combination of (a) and (b). This choice is Plaintiffs'. If Plaintiffs elect to have some number of files chosen randomly, then the parties, for convenience, may mutually agree whether the files will be chosen (a) randomly from the entire Uniform Maintenance Class, or (b) randomly from the Uniform

Maintenance Class members in a smaller number of health care facilities. If the parties do not reach a mutual agreement, then half of the random selections will be made from a hospital of Plaintiffs' choosing, and half of the random selections will be made from a hospital of Defendants' choosing. Any randomly selected files may not include files previously provided in the discovery production pertaining to Meal Break Class members.

Second, Defendants may choose whether (a) to provide the entire personnel files including the complete record of performance reviews and all disciplinary records, or (b) to provide only the complete record of performance reviews and all disciplinary records. This choice is Defendants'.

As to Document Request Four, the parties agreed during the course of the Status Conference to a resolution. Plaintiffs narrowed their request to (a) employee personnel handbook(s) relevant to the two Classes and (b) hospital manuals. Defendants agreed to produce the employee personnel handbook(s) and to make available for inspection, and copying of relevant materials, the hospital manuals. The Court will enter an order to this effect.

As to Interrogatory Three, the heart of the issue is that the files Defendants would have to search in order to comply with the interrogatory are stored offsite (i.e., away from the health care facilities). More importantly, the files organized in one large filing system, in chronological order, with all of the employees from all health care facilities in the same system. In other words, the files cannot be searched or sorted by employee or even by health care facility. This makes it time-consuming to search for individual employees' files. The parties are working together to find a solution that will provide Plaintiff sufficient information to satisfy its discovery request without causing a massive burden to Defendants. The Court will defer ruling on this interrogatory pending the parties' attempt to reach a resolution. To discuss this and other matters described below, the Court will schedule a telephone status conference to be held on the record on January 17, 2014, at 3:00pm. The Court will initiate the call. If the preferred telephone numbers are not the numbers listed on the docket, counsel are instructed to contact Chambers to provide the telephone numbers.

Plaintiff also moved for an extension of time to conduct a 30(b)(6) deposition, until after Defendant submits whatever discovery the Court orders, and Plaintiffs have time to review it. [86] at 7. The parties will update the Court as to the status of this request during the telephone status conference on January 17, 2014.

The parties are instructed to confer, prior to the telephone status conference on January 17, 2014, regarding ultimate discovery deadlines.

It is therefore,

ORDERED, that Plaintiffs' Motion for Leave to File a Reply [90] is granted;

ORDERED, as to Document Request One, that Defendants provide a sampling of thirty Uniform Maintenance Class member personnel files, or the corresponding disciplinary records and performance reviews, in accordance with the memorandum above;

ORDERED, as to Document Request Four, that Defendants produce employee personnel handbook(s) and make available for inspection, and copying of relevant materials, the hospital manuals;

ORDERED, as to Interrogatory Three, that the Parties continue to consult with one another to arrive at a resolution of the issue, and that they provide an update to the Court during a telephone status conference to be held on the record on January 17, 2014, at 3:00pm;

ORDERED, as to Plaintiffs' motion for extension of time to conduct a 30(b)(6) deposition, that the parties provide an update to the Court during the telephone status conference;

ORDERED, as to discovery deadlines, that the parties confer and provide an update to the Court during the telephone status conference.

DATE: January 14, 2014                     /s/
                                           ALAN KAY
                                           UNITED STATES MAGISTRATE JUDGE