# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PEGGY DINKEL, VALARIE GADSON, AND DEIDRE BECKFORD, for themselves and all others similarly situated

Plaintiffs,

v.

MEDSTAR HEALTH INC. AND WASHINGTON HOSPITAL CENTER

Defendants.

Civil Action No. 11-0998 (CKK)

## MEMORANDUM OPINION
(June 26, 2014)

Plaintiffs bring this action against MedStar Health, Inc. and Washington Hospital Center (collectively "Defendants"), claiming that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the District of Columbia Minimum Wage Act, D.C. Code §§ 32-1001 *et seq.*, by failing to compensate them for "meal break" and "uniform maintenance" work. Presently before the Court is Defendants' [97] Motion to Dismiss with Prejudice Plaintiffs that Failed to Fulfill Their Discovery Obligations. Upon consideration of the pleadings[1], the relevant legal authorities, and the record as a whole, the Court GRANTS IN PART and DENIES IN PART Defendants' [97] Motion to Dismiss With Prejudice Plaintiffs That Failed to Fulfill Their Discovery Obligations. Specifically, the Court DENIES WITHOUT

---

[1] Defs.' Mot. to Dismiss With Prejudice Pls. That Failed to Fulfill Their Discovery Obligations, ECF No. [97] ("Defs.' Mot."); Defs.' Mem. in Supp. of Mot. to Dismiss with Prejudice Pls.' That Failed to Fulfill Their Discovery Obligations, ECF No. [97-4] ("Defs.' Mem."); Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss With Prejudice Pls.' That Failed to Fulfill Their Discovery Obligations, ECF No. [100-2] ("Pls.' Opp'n"); Defs.' Reply mem. in Supp. of Mot. to Dismiss With Prejudice Pls.' That Failed to Fulfill Their Discovery Obligations, ECF No. [102] ("Defs.' Reply").

PREJUDICE Defendants' request to dismiss with prejudice members of the Uniform Maintenance Class who have failed to respond to Defendants' interrogatories or appear as scheduled for depositions. These Plaintiffs will be provided one final opportunity to show cause why their claims should not be dismissed. The Court GRANTS Defendants' request to dismiss members of the Meal Break Class who failed to satisfy their discovery obligations, as Plaintiffs have conceded this portion of the motion. The Court DENIES WITHOUT PREJUDICE Defendants' request for attorney's fees, and would be willing to consider a renewed request for these fees at a later date.

## I. BACKGROUND

On July 29, 2012, the Court granted in part and denied in part Plaintiffs' motion for conditional certification, conditionally certifying this case as a collective action with respect to two of Plaintiffs' claims. *See Dinkel v. MedStar Health, Inc.*, 880 F.Supp.2d 49 (D.D.C. 2012). With respect to Plaintiffs' uniform maintenance claim, the Court conditionally certified a collective action covering all non-exempt, hourly employees who worked at any of nine identified MedStar Health, Inc. hospitals in any workweek from May 26, 2008 to July 29, 2012 (the "Uniform Maintenance Class"). *Id.* at 51. Regarding Plaintiffs' meal break claim, the Court conditionally certified a collective action covering all non-exempt hourly employees who work or worked in WHC's Emergency Department or 4NE Medical Cardiology Unit in any workweek from May 26, 2008 to the present (the "Meal Break Class"). *Id.*

By its January 9, 2013 [56] Order, the Court permitted Defendants to propound a limited number of interrogatories on each member of the Uniform Maintenance Class, which then totaled 455 members, concluding that such interrogatories were permissible to the extent "narrowly targeted to elicit information relating to the threshold question as to whether class

2

members are similarly situated." Order, ECF No. [56] at 4. Defendants argued, and the Court agreed, that such individualized "discovery [was] essential for determining whether members of this class are or are not similarly situated for purposes of class certification" and thus would be necessary given Defendants' stated intent to move to decertify the conditionally certified Uniform Maintenance Class at a later, appropriate time. *Id.* at 2. Given these concerns, the Court rejected Plaintiffs' alternative proposal that Defendants be limited "to serving narrowly-tailored interrogatories on no more than 35 randomly-selected class members." *Id.*

Subsequently, after providing Plaintiffs an opportunity to file specific objections to the wording and substance of Defendants' proposed interrogatories, in its February 8, 2013 [64] Order, the Court permitted Defendants to propound all five of their proposed interrogatories on each member of the Uniform Maintenance Class. The Court again rejected "Plaintiffs' conclusory and wholly unsubstantiated forecasting that 'evidence from 455 Plaintiffs on uniform maintenance is likely to be redundant, and, at a minimum, differ only as a matter of degree, rather than kind.'" Order, ECF No. [64] at 6. The Court also discounted Plaintiffs' argument "that Defendants must necessarily have some of this information in their personnel files" finding persuasive Defendants' arguments that these interrogatories "will permit Defendants to compare the opt-in class members' response[s] to [their] own records and determine any discrepancies." *Id.* at 8-9.

On July 9, 2013, Defendants filed a [68] Motion to Compel Discovery Responses, seeking an order compelling (1) 303 opt-in Plaintiffs to provide full and complete answers to Defendants' interrogatories to Uniform Maintenance Class Members; and (2) 20 opt-in Plaintiffs to provide full and complete responses and documents to Defendants' requests for production of documents to Meal Break Class Members. Defendants represented that on February 22, 2013, in

accord with the Court's [64] Order, they had served the Court-approved interrogatories on the 455 Uniform Maintenance Class Members and requests for production of documents on the 20 Meal Break Class Members. *See* Defs.' Mot. to Compel Discovery Responses, ECF No. [68] at 1. Generally, discovery responses are due 30 days after service. However, Plaintiffs' counsel requested, and counsel for Defendants stipulated to, an extended deadline of April 26, 2013, for written discovery responses. *See* Defs.' Mem. in Supp. of Mot. to Compel Discovery Responses, ECF No. [68-1] at 1. In their motion to compel, Defendants stated that while they had received some of the required responses, the vast majority remained outstanding. Defs.' Mot. to Compel Discovery Responses, ECF No. [68] at 2. After providing Plaintiffs an opportunity to respond and provide additional responses, the Court granted Defendants' motion insofar as the Court required "(1) the 292 opt-in Uniform Maintenance plaintiffs to provide full and complete answers to Defendants' interrogatories to Uniform Maintenance Class Members, which were previously approved by this Court; and (2) the 15 opt-in Meal Break plaintiffs to provide full and complete answers and documents responsive to Defendants' requests for production of documents to Meal Break Class Members." *See* Minute Order (July 21, 2013). The Court again rejected Plaintiffs' argument that the partial discovery already provided was sufficient, noting that this contention was "in brazen disregard of this Court's prior orders granting limited individualized discovery in this matter." *Id.* The Court ordered the parties to jointly file by July 24, 2013, "two proposed orders (one pertaining to the Uniform Maintenance Class; one pertaining to the Meal Break Class), which shall be directed to those opt-in plaintiffs who have not yet responded to Defendants' discovery requests, and which shall instruct them to so respond within TWENTY-FIVE (25) days *or risk dismissal of their claims*." *Id.* (emphasis added). The Court further instructed Plaintiffs' counsel to mail a copy of the relevant order to each class

member who had not yet responded to Defendants' discovery requests within three days of approval of the Order. *Id.* On July 24, 2013, the Court approved the two proposed orders instructing all-opt in class members who had not yet done so to provide the necessary discovery responses. These orders further advised the opt-in Plaintiffs that "[f]ailure to provide document request responses as required by this Order may result in dismissal from the lawsuit."

On February 18, 2014, Defendants filed the present [97] Motion to Dismiss with Prejudice Plaintiffs that Failed to Fulfill Their Discovery Obligations. In their motion and accompanying memorandum, Defendants state that they have still not received discovery responses from a significant number of opt-in Plaintiffs. Defs.' Mot. at 1-2; Defs.' Mem. at 4. Specifically, Defendants seek the dismissal of 171 members of the Uniform Maintenance Class who failed to respond to the individual interrogatories as required by the Court's Order. Defs.' Reply at 3. Defendants also seek the dismissal of an unspecified number of Meal Break Class members who have failed to respond to Defendants' requests for the production of documents, as required by the Court's Order. Defs.' Mot. at 2. In addition, Defendants seek the dismissal of opt-in Plaintiffs in both the Uniform Maintenance Class and the Meal Break Class who failed to appear for scheduled depositions. *Id.* at 1. On May 21, 2013, Defendants noticed 35 opt-in Plaintiffs for deposition. Numerous opt-in Plaintiffs failed to attend their deposition while others cancelled shortly before the deposition. Defs.' Mem. at 4. Plaintiffs now seek the dismissal of 12 opt-in Plaintiffs, constituting members of both classes, who failed to appear for their depositions.[2] Defs.' Mot. at 1.

## II.  LEGAL STANDARD

---

[2] Defendants certify that, prior to filing the present motion for sanctions, they conferred in good faith with Plaintiffs' counsel in an effort to obtain the discovery sought without court action, as required by Fed. R. Civ. P. 37(d)(1)(B). Defs.' Mem. at 11.

"The Federal Rules of Civil Procedure allow a court to impose sanctions for a party's failure to cooperate during the course of discovery." *Davis v. Dist. of Columbia Child & Family Svcs. Agency*, --- F.Supp.2d ----, 2014 WL 2507921, at \*7 (D.D.C. June 4, 2014). Federal Rule of Civil Procedure 37 "sets forth specific guidelines for the imposition of sanctions when a party fails to disclose information or witnesses, answer interrogatories, attend a deposition, or comply with a court order." *Id. See also* Fed. R. Civ. P. 37(b)(2), (d). Pursuant to Rule 37, a district court has broad discretion to impose sanctions for discovery violations. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976) (per curiam). Among other permissible sanctions, Rule 37 authorizes a court to dismiss an action or proceeding in whole or in part for a party's failure to comply with a court order, answer interrogatories, or attend a deposition. Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).

"The central requirement of Rule 37 is that 'any sanction must be just,' which requires in cases involving severe sanctions that the district court consider whether lesser sanctions would be more appropriate for the particular violation." *Bonds v. Dist. of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (quoting *Insurance Corp. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982)). "The choice of sanction should be guided by the 'concept of proportionality' between offense and sanction." *Id.* "In determining whether a severe sanction is justified, the district court may consider the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future." *Id.* In this respect, "[d]ismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success or would obviously prove futile." *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1077 (D.C. Cir. 1986) (internal quotation marks omitted). Nevertheless, dismissal of non-compliant class plaintiffs who fail to fulfill their discovery obligations is appropriate where

"further extensions [would be] obviously futile." *Arias v. DynCorp*, --- F.3d ----, 2014 WL 2219109, at \*3 (D.C. Cir. May 30, 2014).

"While a Rule 37(b) dismissal usually follows some showing of willfulness, bad faith or fault, a plaintiff's persistent failure to comply with discovery and discovery-related orders can be viewed as willful where multiple warnings and second chances have been given to the plaintiff." *Arias v. DynCorp Aerospace Operations, LLC*, 677 F.Supp.2d 330, 332 (D.D.C. 2010), *aff'd sub nom, Arias v. DynCorp*, --- F.3d ----, 2014 WL 2219109 (D.C. Cir. May 30, 2014). *See also Handy v. Shaw, Bransford, Veilleux & Roth*, No. 00-cv-2336, 2006 WL 3791387, at \*8 (D.D.C. Dec. 22, 2006) ("[I]n light of the multiple warnings and second-chances that Plaintiff has been given, her persistent failure to comply with discovery and discovery-related Orders by this Court and Magistrate Judge Kay cannot be viewed as anything other than willful.")

## III.  DISCUSSION

The Court reads Defendants' motion to seek the dismissal of four types of opt-in Plaintiffs: (1) Uniform Maintenance Class Members who failed to respond to Defendants' interrogatories ("Non-Responsive Uniform Maintenance Class Members"), (2) Uniform Maintenance Class Members who failed to appear for their depositions ("No-Show Uniform Maintenance Class Members"), (3) Meal Break Class Members who failed to respond to Defendants' document requests ("Non-Responsive Meal Break Class Members"), and (4) Meal Break Class Members who failed to appear for their depositions ("No-Show Meal Break Class Members").  The Court addresses each of these groups of opt-in Plaintiffs below.  The Court then addresses Defendants' request for attorneys' fees pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) and (d)(3).

### A.  Non-Responsive Uniform Maintenance Class Members

Defendants seek to dismiss 171 opt-in members of the Uniform Maintenance Class who failed to provide the individual written discovery responses required by this Court's prior Orders. Defs.' Reply at 3 ("To date, 171 Plaintiffs still have not responded to the written discovery requests."). Plaintiffs and class counsel concede that these opt-in Plaintiffs failed to satisfy their discovery obligations, but nevertheless argue that the sanctions sought by Defendants are inappropriate. *See* Pls.' Opp'n at 6 ("Plaintiffs' failure to supply written discovery responses from Uniform Maintenance Class Members . . . does not justify imposition of the requested sanctions."). First, Plaintiffs argue that dismissal would be improper because class counsel and the responsive members of the Uniform Maintenance Class have been diligent in meeting their discovery obligations. *Id.* at 3-4. Accordingly, they argue that sanctions are unjustified where Defendants have not shown culpability or fault on the part of Plaintiffs and class counsel in complying with discovery obligations. *Id.* at 4. Yet the diligence and fault of class counsel and the opt-in Plaintiffs who have responded to their discovery obligations is beside the point in addressing Defendants' present motion. Rather, the issue is the diligence and willfulness of the opt-in Plaintiffs who have not responded to Defendants' requests for written discovery and the Court's Orders requiring them to comply with these requests. There is no dispute that these opt-in Plaintiffs have failed to provide the required discovery. Moreover, as discussed, the opt-in Plaintiffs' failure to respond to Defendants' written discovery requests, despite repeated opportunities to do so, provides evidence of their willfulness. *Arias*, 677 F.Supp.2d at 332; *Handy*, 2006 WL 2791387, at *8.

Next, Plaintiffs argue that the partial discovery provided is sufficient, as "[t]he written discovery responses and testimony Plaintiffs have produced span the facilities and dates at issue in this litigation and will permit the Parties to present informed arguments on the relevant issues

8

and help the Court make an informed decision on the merits of Plaintiffs' uniform maintenance class." Pls.' Opp'n at 1. Plaintiffs appear to contend that the failure to provide the discovery responses is harmless. Yet, as Defendants correctly point out, Defs.' Reply at 5, the Court has repeatedly rejected this argument. In permitting Defendants to propound a limited number of interrogatories on each opt-in Plaintiff, the Court recognized that Defendants' interrogatories "are highly relevant to whether the opt-in class members are similarly situated, as they are intended to elicit information regarding the identity of the hospital(s) and departments where each opt-in Plaintiff worked, the type of uniform each Plaintiff was required to wear, and . . . the time spent and specific tasks conducted in connection with maintenance of that uniform." Order, ECF No. [64] at 8. And as noted, the Court previously rejected "Plaintiffs' conclusory and wholly unsubstantiated forecasting that 'evidence from 455 Plaintiffs on uniform maintenance is likely to be redundant, and, at a minimum, differ only as a matter of degree, rather than kind.'" *Id.* at 6. At the decertification stage, the Court must "make[] a factual determination whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Blount v. U.S. Sec. Assoc.*, 945 F.Supp.2d 88, 93 (D.D.C. 2013). For the reasons discussed in the Court's prior Orders, without the interrogatory responses from each opt-in Plaintiff, Defendants will be hindered in developing any argument that, as a factual matter, the opt-in Plaintiffs are not similarly situated to the named Plaintiffs, as they lack factual information needed for this argument. Moreover, the Court will be at a disadvantage in deciding such a motion. *See Lugo v. Farmer's Pride Inc.*, 737 F.Supp.2d 291, 299 (E.D. Pa. 2010) (requiring the Court, upon a motion for decertification, to conduct "a specific factual analysis of *each employee's claim* to ensure that each proposed plaintiff in an appropriate member of the collective action.") (emphasis added).

Failing in these arguments, Plaintiffs argue that dismissal with prejudice is a drastic sanction that is not justified here, and they therefore propose a series of lesser sanctions. Pls.' Opp'n at 7-8. This Court is obligated to "consider whether lesser sanctions would be more appropriate for the particular violation." *Bonds*, 93 F.3d at 808. Plaintiffs propose the following options: (1) an Order barring the non-responsive class members from introducing individual proof of their claims at summary judgment, trial, or both; (2) an Order barring the non-responsive class members from introducing individual proof of their damages at trial and, instead, requiring them to rely on inferences flowing from the evidence presented by other class members for proof of damages, (3) an Order permitting Defendants to use facts contained in the written discovery responses provided by time-barred class members, (4) an Order barring Plaintiffs from seeking damages discovery relating to the non-responsive class members, or (5) an Order dismissing the non-responsive class members claims without prejudice. Pl.s.' Opp'n at 7-8. Yet these lesser sanctions proposed by Plaintiffs are not proportional to the offense here, as they fail to mitigate the prejudice suffered by Defendants from the failure to provide discovery responses for each opt-in Plaintiff. As discussed, the failure to provide these discovery responses severely hinders Defendants ability to argue that the opt-in Plaintiffs, including those who failed to comply with their discovery obligations, are not similarly situated to the named Plaintiffs. By keeping these Plaintiffs in the litigation (or allowing them to return to the litigation without prejudice) while at the same time providing none of the additional information sought by Defendants, Plaintiffs' proposed lesser sanctions are an insufficient remedy.

Nevertheless, although the Court concludes that the lesser sanctions proposed by Plaintiffs are inadequate, it is not prepared at this juncture to impose the severe sanction of dismissal with prejudice proposed by Defendants. Rather, the Court will adopt a lesser sanction

proposed by Defendants in their reply brief, providing the non-responsive opt-in Plaintiffs one final opportunity to provide the discovery responses requested by Defendants and required by this Court's Orders, and to explain their failure to provide this discovery. *See* Defs.' Reply at 12. Accompanying this Memorandum Opinion is an Order directed to those opt-in Plaintiffs in the Uniform Maintenance Class who have not yet responded to Defendants' discovery requests. The Order instructs these opt-in Plaintiffs that if they do not provide the necessary written discovery and explain their previous failure to respond to Defendants' individualized interrogatories within thirty days of the issuance of the Order, their claims will be dismissed with prejudice from this litigation. Plaintiffs' counsel shall mail a copy of this Order to each non-responsive Uniform Maintenance Class member within three business days of the issuance of this Order. A decision on whether these Plaintiffs should be dismissed will await any responses to this Order. The Court advises the parties that in reviewing these responses, it will not entertain arguments already rejected in previous Orders, including the argument that individualized discovery is not necessary in this case.

Such a sanction is in keeping with D.C. Circuit precedent. In *Arias*, the D.C. Circuit "reject[ed] [a] challenge brought by the 163 plaintiffs who were dismissed for failure to provide complete responses to the court-ordered questionnaires." *Arias*, 2014 WL 2219109, at *3. "After plaintiffs' repeated failures to adequately complete the responses – and three deadline extensions – the district court ultimately exercised its Rule 37(b) prerogative to sanction the plaintiffs by dismissing the case." *Id.* The D.C. Circuit affirmed, rejecting plaintiffs' contention that "dismissal was too harsh of a sanction," and noting that "the court gave the plaintiffs every opportunity to complete their responses." *Id.* The panel concluded that it would "be impossible

to conclude that the [district court] judge abused his discretion" by dismissing these plaintiffs "when further sanctions were obviously futile." *Id.*

So too here, the Court has provided opt-in Plaintiffs several opportunities in which to satisfy their discovery obligations. Plaintiffs were initially expected to comply with their written discovery obligations by April 26, 2013. Defs.' Mem. at 2. On July 24, 2013, after Defendants filed a motion to compel the missing discovery responses, the Court granted the opt-in Plaintiffs an additional twenty-five days in which to submit their responses, warning them that failure to respond could result in dismissal of their claims. Order, ECF No. [76]. Now, almost a year later, a substantial number of discovery responses remain outstanding. Yet, while many opt-in Plaintiffs have certainly been delinquent in their discovery obligations, the Court is not yet ready to conclude that "further extensions [would be] obviously futile." *Arias*, 2014 WL 2219109, at *3. As Defendants concede, previous extensions have resulted in Plaintiffs providing additional missing discovery responses. Defs.' Mem. at 3. In addition, the Court has only provided one previous extension of the deadline, by granting Defendants' motion to compel. By contrast, in *Arias*, the district court provided plaintiffs three extensions, although the D.C. Circuit concluded that by granting such repeated extensions the court was "if anything, too patient." *Arias*, 2014 WL 2219109, at *3. Here, in attempting to strike the balance between being too strict and being too patient, as it must under binding precedent, the Court will provide opt-in Plaintiffs one final extension of thirty days in which to comply with the discovery requests and show cause why their claims should not be dismissed.

While the course set out in this Order is not precisely the one proposed by Defendants, the Court notes that Defendants are hardly prejudiced by this brief extension. No motion for decertification is due to be filed in the near future, as the parties are still in the process of briefing

Defendants' motion for summary judgment as to the Uniform Maintenance Class, which will not be completed until August 8, 2014, at the earliest. *See* Scheduling and Procedures Order, ECF No. [99].

### B. No-Show Uniform Maintenance Class Members

Defendants next seek to dismiss the claims of 12 opt-in Plaintiffs in the Uniform Maintenance Class who failed to attend their own depositions. Defs.' Mem. at 4-11. With respect to the no-show opt-in Plaintiffs, Plaintiffs raise the same arguments against dismissal that this Court has already rejected in the context of the non-responsive Plaintiffs. Pls.' Opp'n at 3-7. First, the diligence of class counsel in providing other Uniform Maintenance Class members for deposition, and the participation of these other class members in depositions, has no bearing on the resolution of Defendants' motion. The issue is the apparent failure of certain Plaintiffs to appear for their deposition as well as their decision to remain unresponsive regarding requests to reschedule. In addition, the Court also rejects Plaintiffs' argument that any failure to appear for depositions is harmless because the "testimony Plaintiffs have produced span[s] the facilities and dates at issue in this litigation and will permit the Parties to present informed arguments on the relevant issues and help the Court make an informed decision on the merits of Plaintiffs' uniform maintenance claim." *Id.* at 1-2. Like the failure to provide individual interrogatory responses, the failure to appear for depositions hinders Defendants in their ability to investigate any eventual motion for decertification of the Uniform Maintenance Class. As Defendants point out, deposition testimony allows Defendants to identify individualized defenses for these Plaintiffs, which would be of aid in a motion for decertification. Defs.' Reply at 7. As other courts have noted "[i]n considering a motion to decertify alleging dissimilarity of the plaintiff class, courts have considered . . . the various defenses available to defendant which appear to be individual to

each plaintiff." *Rawls v. Augustin Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007) (quoting *Thiessen v. Gen. Elec. Capital Group*, 996 F.Supp. 1071, 1081 (D. Kan. 1998)). *See also Brennan v. Qwest Commc'ns Int'l, Inc.*, No. 07-2024, 2009 WL 1586721, at *8-9 (D. Minn. June 4, 2009) ("being prevented from conducting timely depositions limits Qwest's ability to gather evidence that might reveal the presence of individualized defenses, which would be particularly relevant to the decertification motion and is a clear example of prejudice."). Plaintiffs, for their part, argue that any prejudice to Defendants is mitigated because the Plaintiffs who were scheduled to appear for depositions had provided written discovery responses.[3] Pls.' Opp'n at 6-7 n. 2. Yet, if anything, the provision of written discovery heightens the need for depositions, as it provides Defendants their only opportunity to cross-examine an opt-in Plaintiff concerning his or her written discovery responses, probe potential individualized defenses and clarify ambiguous statements in preparation for a motion to decertify. Defs.' Reply at 7.

As with the non-responsive opt-in Plaintiffs, the lesser sanctions proposed by Plaintiffs fail to mitigate this prejudice because they do not provide Defendants the information denied by Plaintiffs' failure to appear for their deposition. Yet, as with the non-responsive members of the Uniform Maintenance Class, the Court is unwilling at this time to impose the sanction of dismissal with prejudice sought by Defendants. Indeed, unlike the non-responsive Plaintiffs, the no-show Plaintiffs have not received a prior Court order warning them that their failure to comply with their discovery obligations could result in dismissal of their claims. Accordingly, because the Court is not convinced that further efforts to compel deposition of these opt-in Plaintiffs would be "obviously futile", *Arias*, 2014 WL 2219109, at *3, the Court will provide

---

[3] There appears to be disagreement on this point, as Plaintiffs assert that all of the no-show Plaintiffs provided discovery, while Defendants claim that they received no written discovery from two of the no-show Plaintiffs. *Compare* Defs.' Mem. at 5 *with* Pls.' Opp'n at 6-7 n.2

these Plaintiffs an additional opportunity to comply with their discovery obligations and explain their previous failure to comply. Accompanying this Memorandum Opinion is an Order directed to those opt-in Plaintiffs who have failed to appear for depositions as scheduled. The Order instructs these opt-in Plaintiffs, within thirty days of the issuance of the Order, to (a) explain their previous failure to appear for depositions, and (b) indicate availability and willingness for a future scheduled deposition, or have their claims dismissed with prejudice from this litigation. Plaintiffs' counsel shall mail a copy of the Order to each no-show Uniform Maintenance Class member within three business days of the issuance of this Order. A decision on whether these Plaintiffs should be dismissed will await any responses to this Order. The Court advises the parties that in reviewing these responses, it will not entertain arguments already rejected in previous Orders.

### C. Meal Break Class Members

Defendants also seek sanctions for the failure of several opt-in Plaintiffs in the Meal Break Class to respond to Defendants' requests for production of documents. *See* Defs.' Mem. at 2 (explaining that members of the Meal Break Class failed to satisfy their discovery obligation and requesting the Court "dismiss with prejudice the claims of *all* opt-in Plaintiffs that have not fulfilled their discovery obligations."). Defendants do not specify exactly which opt-in Plaintiffs it seeks to dismiss from each class, but the Court notes that Defendants' list of 171 Plaintiffs proposed for dismissal for failure to provide written discovery includes 171 members of the Uniform Maintenance Class. *See* Defs.' Mot, Ex. 1 (List of Non-Responsive Plaintiffs). This list also includes at least three individuals who are members of both classes: Marlene Barber, Rajini Raj, and Barbara Townsend. *Id.* Through their motion, the Court understands Defendants

15

to be seeking the dismissal of these Plaintiffs from the Meal Break Class, in addition to dismissal from the Uniform Maintenance Class.

Plaintiffs offer no rejoinder to Defendants' argument that the non-responsive Meal Break Class Members should be dismissed with prejudice for failure to comply with their discovery obligations. Indeed, Plaintiff's Opposition fails to *even mention* the Meal Break Class, arguing only that dismissal is an inappropriate sanction for the discovery failures of members of the Uniform Maintenance Class. Accordingly, the Court treats the portion of Defendants' Motion to Dismiss seeking dismissal of the non-responsive Meal Break Class members as conceded. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

Based on the Court's review, the Meal Break Class Members who failed to appear for their depositions constitute a subset of the Meal Break Class Members who failed to satisfy their written discovery obligations. *See* Defs.' Mem. at 5-6 (identifying Rajini Raj and Barbara Townsend as individuals who failed to appear for depositions). Since Plaintiffs have conceded Defendants' argument that the latter set of opt-in Plaintiffs should be dismissed, any argument that the former should also be dismissed is moot. However, to the extent that there are Meal Break Class Members who failed to appear for their depositions but *did* satisfy their written discovery obligations, Defendants' motion to dismiss is also granted with respect to these Plaintiffs. Again, Plaintiffs' Opposition fails to provide any counter to Defendants' arguments that members of the Meal Break Class – including those members who failed to appear for their

16

depositions – should be dismissed with prejudice. Accordingly, this portion of Defendants' motion to dismiss is granted as conceded. *See Hopkins*, 238 F.Supp.2d at 178.

### D. Attorney's Fees

In addition to the sanctions discussed above, Defendants also seek to recover the attorney's fees incurred as a result of the delinquent opt-in Plaintiffs' failure to fulfill their discovery obligations. Defs.' Mem. at 16. Pursuant to Federal Rule of Civil Procedure 37(d)(3), when a party fails to satisfy its discovery obligations, "[i]nstead of or in addition to [other sanctions provided for by the Rule], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Federal Rule of Civil Procedure 37(b)(2)(C) uses similar language to authorize attorney's fees where a party fails to comply with a court order.

Although Defendants seek attorney's fees pursuant to these provisions, they fail to specify from whom they seek remuneration. Instead, they point to the use of the term "must" in the relevant provision and argue that they are entitled to recover fees. Defs.' Mem. at 16. However, at other points in their briefing, Defendants concede that the discovery failures at issue are not due to the misconduct of Plaintiffs' counsel. Defs.' Reply at 10. Therefore, due to Plaintiffs' counsel's blamelessness in these failures, the Court concludes in an exercise of its discretion that "circumstances make an award of expenses unjust" against the attorneys advising the delinquent parties. *See Gordon v. Kaleida Health*, No. 08-cv-378S(F), 2013 WL 2250431, at *7 (W.D.N.Y. May 21, 2013) ("as the record supports that the failure to provide discovery in compliance with the court's July 19, 2012 D & O cannot fairly be attributed to any lack of diligence or other fault by Plaintiff's counsel, the court finds that such expenses, awardable to

Defendants, are solely attributable to the unresponsive opt-in Plaintiffs, and not Plaintiffs' counsel.").

Here, the parties failing to act, and thus responsible for the discovery failures, are the delinquent opt-in Plaintiffs. Yet while other courts have concluded that attorney's fees may be assessed against opt-in Plaintiffs in an FLSA collective action, *see, e.g.*, *Gordon*, 2013 WL 2250431, at *7, the Court deems such additional sanctions inappropriate here. As an initial matter, the Court is denying Defendants' motion in part, having concluded that dismissal of the delinquent Uniform Maintenance Class members is not an appropriate sanction at this juncture. While this is not dispositive on the issue of attorney's fees, as such expenses may be awarded "[i]nstead of or in addition" to other sanctions provided for by Rule 37, *see* Fed. R. Civ. P. 37(b)(2)(C), (d)(3), it does counsel against an award of fees at this time. In addition, at least one other court to consider awarding costs against a delinquent opt-in plaintiff in an FLSA collective action has concluded that such an award would be "unjust." *See Luiken v. Domino's Pizza LLC*, 2009 WL 4723296, at *6 (D. Minn. Dec. 2, 2009) ("this Court concludes that ordering Mr. Dougherty, who was a Domino's Pizza delivery person, to pay reasonable expenses would be a disproportionately severe sanction."). Moreover, given the lack of contact between Plaintiff's counsel and a segment of the delinquent class, *see* Defs.' Mem. at 4 (noting that "some of the opt-in Plaintiffs ha[ve] become entirely non-responsive, even to their own counsel"), the Court is uncertain that if it awarded the fees sought by Defendants, that collection of such expenses would be feasible. Accordingly, the Court denies without prejudice Defendants' request for attorney's fees.

Nevertheless, the Court is cognizant of the fact that Defendants have expended substantial resources in pursuing unsuccessful discovery from the delinquent opt-in Plaintiffs.

Therefore, the Court would be willing to consider, at a later date, a renewed request for the subject attorney's fees. Such a request should explain why awarding attorney's fees would avoid the problems discussed above, namely the practicality and fairness issues involved in obtaining fees from opt-in Plaintiffs in an FLSA collective action. The Court would also consider a request to reduce any eventual recovery by Plaintiffs, should they prevail in this action, by the amount of fees sought by Defendants for the discovery failures at issue.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' [97] Motion to Dismiss With Prejudice Plaintiffs That Failed to Fulfill Their Discovery Obligations. Specifically, the Court DENIES WITHOUT PREJUDICE Defendants' request to dismiss with prejudice members of the Uniform Maintenance Class who have failed to respond to Defendants' interrogatories or appear as scheduled for depositions. These Plaintiffs will be provided one final opportunity to show cause why their claims should not be dismissed. The Court GRANTS Defendants' request to dismiss members of the Meal Break Class who failed to satisfy their discovery obligations, as Plaintiffs have conceded this portion of the motion. The Court DENIES WITHOUT PREJUDICE Defendants' request for attorney's fees, although would be willing to consider a renewed request for these fees at a later date. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge