**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PEGGY DINKEL, VALARIE GADSON, AND DEIDRE BECKFORD, for themselves and all others similarly situated, <br><br>　　　　Plaintiffs <br><br>　　v. <br><br> MEDSTAR HEALTH INC. and WASHINGTON HOSPITAL CENTER, <br><br>　　　　Defendants | Civil Action No. 11-998 (CKK) |

**MEMORANDUM OPINION and ORDER**
(August 3, 2016)

Before the Court is Defendant's [151] Renewed Motion for Summary Judgment

Regarding Plaintiffs' Uniform Maintenance Claim Under the District of Columbia Minimum

Wage Act. This is the fourth summary judgment motion the Court has considered regarding the

uniform maintenance claims in this case. Unlike previous iterations of the summary judgment

briefing, it is now possible to resolve the pending Renewed Motion definitively with respect to

the claims under the District of Columbia Minimum Wage Act. The Court concludes that, in light

of the applicable legal standard, there are genuine disputes of material fact that preclude the entry

of summary judgment. Accordingly, upon consideration of the pleadings,[1] the relevant legal

---

[1] The Court's consideration has focused on the following documents:

- Defs.' Renewed Mot. for Summary Judgment Regarding Pls.' Uniform Maintenance Claim Under the D.C. Minimum Wage Act ("Defs.' Renewed Mot."), ECF No. 150;
- Pls.' Mem. in Opp'n to Defs.' Renewed Mot. ("Pls.' Opp'n"), ECF No. 151; and
- Defs.' Reply Mem. of Points and Authorities in Supp. of Defs.' Renewed Mot. ("Defs.' Reply"), ECF No. 152.

In light of the issues raised in the pending motion, the Court concludes that Plaintiffs' proposed sur-reply would provide assistance to the Court. Accordingly, the Court grants Plaintiffs' [153] Motion for Leave to File Sur-Reply In Support of their Statement of Genuine Issues. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

authorities, and the record as a whole, the Court DENIES Defendants' [150] Renewed Motion

for Summary Judgment Regarding Plaintiffs' Uniform Maintenance Claim under the District of

Columbia Minimum Wage Act.

## I. BACKGROUND

The pertinent facts in this case were laid out previously by this Court in *Dinkel v.*

*Medstar Health Inc.*, 304 F.R.D. 339, 349 (D.D.C. 2014); *Dinkel v. MedStar Health, Inc.*, 880 F.

Supp. 2d 49, 51 (D.D.C. 2012); and *Dinkel v. Medstar Health, Inc.*, 286 F.R.D. 28, 30 (D.D.C.

2012). The Court reserves further presentation of the relevant facts for the discussion below.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar

summary judgment; the dispute must pertain to a "material" fact. *Id*. Accordingly, "[o]nly

disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to

the relevant facts; the dispute must be "genuine," meaning that there must be sufficient

admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to

specific parts of the record – including deposition testimony, documentary evidence, affidavits or

declarations, or other competent evidence – in support of its position, or (b) demonstrate that the

materials relied upon by the opposing party do not actually establish the absence or presence of a

genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis

in the record cannot create a genuine dispute sufficient to survive summary judgment. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

## III. DISCUSSION

Defendants argue that summary judgment is warranted on the basis of the current record. Plaintiffs respond that there are genuine disputes of material fact that preclude summary judgment. The Court agrees with Plaintiffs. The Court first reviews the applicable legal standard

under the District of Columbia Minimum Wage Act ("DC-MWA"), followed by the application

of that legal standard to the factual record developed in this case.

## A.  Legal Standard under the DC-MWA

The Court has previously resolved the legal standard applicable under the DC-MWA. *See*

Minute Order dated October 7, 2015 ("In light of [the Notices filed by the parties], the Court

concludes that the standard set out the September 1, 2015, Memorandum Opinion shall govern

the DC-MWA claims in this case going forward."). A brief review of the history of this case

explains how that result has come to pass and the standard established.

Defendants originally moved for summary judgment on the uniform maintenance claims

under the Fair Labor Standards Act and under the DC-MWA. *See* ECF No. 106. While that

motion was pending, the Supreme Court issued *Integrity Staffing Solutions v. Busk*, 135 S. Ct.

513 (2014), which clarified the standard applicable under the Fair Labor Standards Act. In light

of that decision, the Court denied without prejudice Defendants' original motion for summary

judgment because the parties' briefing did not have the benefit of *Integrity Staffing Solutions*. *See*

Order dated January 5, 2015, ECF No. 129. The Court allowed Defendants an opportunity to

present a renewed motion for summary judgment with the benefit of the new Supreme Court

precedent. Three months later, the Court resolved Defendants' first renewed motion, granting the

motion with respect to the Fair Labor Standards Act claims in light of *Integrity Staffing Solutions*

and denying it without prejudice with respect to the DC-MWA claims. *See Dinkel v. MedStar*

*Health Inc.*, 99 F. Supp. 3d 37, 38 (D.D.C. 2015). At that time, the Court concluded that the

appropriate legal standard for the DC-MWA claims had not been sufficiently briefed and allowed

Defendants to file another renewed motion for summary judgment on the DC-MWA claims to

allow the parties to brief the issue thoroughly.

Several months later, the Court resolved Defendants' second renewed motion for summary judgment. The Court concluded, first, that the legal standard clarified in *Integrity Staffing Solutions* was *not* applicable to the DC-MWA claims. *See Dinkel v. MedStar Health Inc.*, No. CV 11-998 (CKK), 2015 WL 5168006, at *8 (D.D.C. Sept. 1, 2015). The Court further concluded that *neither* party had identified the correct legal standard for such claims. *See id.* at *10. Based on the parties' briefing and on the relevant case law, the Court laid out its tentative understanding of the correct standard:

> Based on the authorities cited by the parties, the Court would conclude that working time under the DC–MWA is all employee time—whether it entails exertion or entails waiting—"controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." [*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944)]; *see* 29 C.F.R. § 785.7. The Court would also conclude that working time includes all time an employee is permitted to work as interpreted by the applicable Department of Labor Regulations, thus including time when an employer "knows or has reason to be believe that [the employee] is continuing to work." *Id.* § 785.11.

*Id.* The Court further explained that, "[b]ecause neither party proposed or analyzed this standard—although the standard itself emerges from the authority cited by the parties—the Court will allow each party an opportunity to respond to this legal standard, prior to providing Defendants an opportunity to file a renewed motion for summary judgment." *Id.* However, the Court did not allow the parties to "re-argue the applicability of the 'integral and indispensable' standard" applicable under the Fair Labor Standards Act because "the Court consider[ed] that issue definitively resolved." Order, ECF No. 144.

In light of the parties' subsequent filings, the Court concluded that the "standard set out the September 1, 2015, Memorandum Opinion shall govern the DC-MWA claims in this case going forward." Minute Order dated October 7, 2015; *see also* Minute Order dated October 2, 2015 (requesting clarification from Plaintiffs). Accordingly, the standard set out in the Court's

5

September 1, 2015, Memorandum Opinion—and set out in the block quotation above—governs the DC-MWA claims in this case. After resolving that legal standard definitively, the Court provided Defendants one final opportunity to present a renewed motion for summary judgment. The Court now resolves that motion—Defendants' third renewed motion for summary judgment—based on the standard delineated above.

**B.  Application of the DC-MWA Standard to the Record**

Defendants argue that the uniform maintenance activities are not compensable work under the DC-MWA because Plaintiffs have failed to satisfy each component of the applicable legal standard, which the Court set out above. Specifically, Defendants argue (1) that the uniform maintenance activities were not "controlled or required by the employers[s]," (2) that those activities were not "necessarily and primarily for the benefit of the employer[s]," and (3) that the activities in question did not qualify as time when the employers knew or "had reason to believe" that the employees were continuing to work. With respect to each of these components of the standard, Plaintiffs strenuously argue the contrary. That is, they argue that the record shows (1) that the activities were controlled and required by the employers, (2) that those activities "necessarily and primarily" benefitted the Defendant employers, and (3) that the employers knew or had reason to believe that their employees were engaging in work by conducting the uniform maintenance activities. Both sides cite a welter of cases that they claim support their positions, and both sides argue that the other side's cases are wholly distinguishable.

However, the Court concludes that it cannot make determinations as a matter of law regarding any of these components—in either side's favor. The Court concludes that each of these components depends on factual determinations that must be resolved by a jury, rather than by the Court. That is, based on the record compiled by the parties, a reasonable jury *could* find

that the uniform maintenance activities were controlled and/or required by one or more of the

several employer Defendants. So too, a reasonable jury *could* find that the specific activities

involved in this case "necessarily and primarily" benefited the employers. Finally, a reasonable

jury *could* find, based on the record presented to the Court, that the employers knew or had

reason to believe that Plaintiffs were engaging in work through their uniform maintenance

activities.[2] Together, these conclusions preclude summary judgment in this case.

Defendants present two additional arguments in favor of summary judgment. The Court

concludes that neither is successful. First, they point to a District of Columbia minimum wage

regulation applicable in circumstances where employees are required to maintain and clean their

own work uniforms. *See* Def.'s Renewed Mot. at 32 (citing D.C. Mun. Regs. tit. 7, § 908).

However, the Court agrees with Plaintiffs that the existence of this regulation cannot support any

inference regarding the question of whether uniform maintenance activities, categorically, are

within the scope of work under the DC-MWA. Nor does this regulation support any inference

regarding whether the *specific* uniform maintenance activities conducted by the *specific*

individual plaintiffs in this case constitute compensable work. For that reason, this argument

provides no basis for the Court to grant summary judgment to Defendants.

Second, Defendants argue that any time Plaintiffs spent on "special care" through their

uniform maintenance activities is de minimis and, therefore, not compensable. Notably, as a

basis for summary judgment, this argument is dependent on the conclusion that only "special

care" activities—as opposed to the entire swath of Plaintiffs' uniform maintenance activities—

---

[2] Defendants suggest that, because this case presents a previously unresolved issue of law under the DC-MWA, Defendants cannot be considered to "reasonably believe" that Plaintiffs engaged in work. But there is no basis to conclude that the novelty of some of the legal issues involved in this case precludes a finding that Defendants knew or had reason to believe that Plaintiffs were, in fact, engaging in work.

qualify as work under the DC-MWA. However, because the Court concludes that there are factual issues as to whether the uniform maintenance activities conducted by Plaintiffs are compensable work, as well as to the amount of time Plaintiffs spend on any such compensable work, the Court cannot grant summary judgment to Defendants on the grounds that any work in which Plaintiffs engaged was de minimis.

Ultimately, the Court need not and cannot decide whether *all* uniform maintenance activities are compensable work. Rather the question in this case is whether the specific activities conducted by the employee-Plaintiffs constituted compensable work. As to that question, the devil is in the details. Indeed, *both* parties' briefing makes it clear that the details in this case are of paramount importance. Accordingly, it is for a jury to evaluate those details at trial, to make the necessary findings, and to determine, whether—in this particular case—Defendants are liable for violations of the DC-MWA. In short, because there are genuine disputes of material fact in the record presented to the Court, the Court cannot grant summary judgment to Defendants.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby **ORDERED** that Defendants' [150] Renewed Motion for Summary Judgment Regarding Plaintiffs' Uniform Maintenance Claim under the District of Columbia Minimum Wage Act is **DENIED**.

It is further **ORDERED** that Plaintiffs' [153] Motion for Leave to File Sur-Reply In Support of their Statement of Genuine Issues is **GRANTED**.

Dated: August 3, 2016

                                                            /s/                                    
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge