IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PEGGY DINKEL, VALARIE GADSON, and DEIDRE BECKFORD**, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MEDSTAR HEALTH INC.** and **WASHINGTON HOSPITAL CENTER**,<br><br>Defendants. | **Civil Action No. 11-cv-998 (CKK)** |
| **DANIELLE FREEMAN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MEDSTAR HEALTH INC., et al.,**<br><br>Defendants. | **Civil Action No. 14-cv-628 (CKK)** |

**JOINT MOTION TO CONSOLIDATE ACTIONS AND FOR
LEAVE TO FILE CONSOLIDATED AMENDED COMPLAINT**

Plaintiffs and Defendants in the above captioned actions (collectively, the "Parties") hereby jointly and respectfully request that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, this Court consolidate *Dinkel v. MedStar Health Inc.,* No. 11-cv-998 (CKK) ("*Dinkel*"), with *Freeman v. MedStar Health Inc.*, No. 14-cv-628 (CKK) ("*Freeman*"), another action pending before this Court that presents similar issues and claims. The Parties request the consolidation in order to facilitate settlement of the *Dinkel* and *Freeman* actions.

**I.      INTRODUCTION**

In both *Dinkel* and *Freeman*, Plaintiffs allege violations of the Fair Labor Standards Act,

29 U.S.C. § 201, *et seq.* ("FLSA") and state law on behalf of themselves and other individuals who had been employed by Defendants. Plaintiffs in both cases contend that Defendants violated the FLSA by knowingly suffering or permitting Plaintiffs and the members of two collective groups to perform more than *de minimis* meal-break work without paying all wages owed for this work. Counsel for plaintiffs in the *Dinkel* action also represent the Plaintiffs in *Freeman*. With the Court's consent, both actions were stayed while the Parties pursued a joint mediation in an effort to resolve both lawsuits. As a result of a mediation session on October 26, 2017, the Parties have now reached a settlement in principle of the claims in both *Dinkel* and *Freeman*. Accordingly, in order to comprehensively dispose the two lawsuits under a single settlement agreement and to avoid wasteful piecemeal administration of the resolution of the two lawsuits that require uniform rules, the Parties respectfully request that, for the purpose of permitting them to efficiently seek approval of the pending settlement, this Court consolidates *Dinkel* with *Freeman*. Furthermore, to effectuate the consolidation and the proposed settlement, the Parties also jointly request that the Court grant leave for Plaintiffs to file the proposed Consolidated Amended Complaint, attached as Exhibit A.

## II.     STATEMENT OF RELEVANT FACTS & BACKGROUND

### A.     *Dinkel* and *Freeman*

#### 1.     *Dinkel*

On May 26, 2011, Plaintiffs' counsel filed their initial lawsuit against MedStar in *Dinkel v. MedStar Health, Inc.*, D.D.C. Case No. 11-CV-00998. In *Dinkel*, Plaintiffs certified meal break and uniform maintenance claims under the Fair Labor Standards Act ("FLSA") and the D.C. Minimum Wage Act ("DCMWA") on behalf of employees who worked at two departments at one MedStar facility, Washington Hospital Center. A uniform maintenance claim was initially

conditionally certified, but has since been decertified, and the claims of those opt-ins have been dismissed without prejudice.

    **B.**    *<u>Freeman</u>*

On April 16, 2014, Plaintiffs' counsel filed a follow-up lawsuit, *Freeman v. MedStar Health, Inc.*, D.D.C. Case No. 14-cv-00628, on behalf of 13 named Plaintiffs, alleging meal break claims under the FLSA, Maryland and DC law. They filed this lawsuit as a collective action pursuant to Section 216 of the FLSA and Rule 23 of the F.R.C.P., against MedStar and six additional MedStar facilities, ultimately adding a seventh facility in an amended complaint, along with five additional named plaintiffs. The case was assigned to this Court as a related case.  The Court conditionally certified a meal break class of employees who worked in nine different departments across various facilities.

    **C.**    **<u>Mediation and Settlement</u>**

In October 2017, the Parties in *Dinkel* and *Freeman* agreed to participate in a coordinated mediation in an attempt to resolve those actions.  The Parties exchanged information on a confidential basis in advance of mediation. On October 26, 2017, the Parties engaged in an all-day mediation session under the direction of Fern Singer, an accomplished class action mediator.  a court-appointed mediator, and that mediation session resulted in the Parties reaching an agreement in principle to resolve both the *Dinkel* and *Freeman* actions. The Parties are currently actively working to finalize the terms of the settlements and to submit a motion for preliminary approval of the settlement.

**III.**    **<u>STANDARD</u>**

Federal Rule of Civil Procedure 42(a) authorizes a court to consolidate actions if they involve "a common question or law or fact." Fed. R. Civ. P. 42(a).  The decision to consolidate lies within the discretion of the court.  *Clayton v. D.C.*, 36 F. Supp. 3d 91, 93 (D.D.C. 2014) ("The

court has broad discretion in deciding whether to consolidate actions before it that involve 'common question[s] of law or fact.'"). When exercising that discretion, "courts weight considerations of convenience and economy against considerations of confusion and prejudice." *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)).

In deciding whether to consolidate actions, courts look at "the risk of prejudice and confusion wrought by consolidation" and weigh that "against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). In practice, where "convenience, efficiency, prompt resolution of demands for injunctive relief, and reduced burdens on the time and resources of both the Court and the litigants" result in a gain for the court, the court will lean "strongly in favor of consolidation." *Id*. at 287. Courts should therefore grant a motion to consolidate where "savings of expenses and gains of efficiency can be accomplished without [the] sacrifice of justice." *Hanson v. D.C.,* 257 F.R.D. 19, 21 (D.D.C. 2009).

IV.   **ARGUMENT**

   A.   **Courts regularly consolidate FLSA collective actions**

The exercise of the Court's discretion to consolidate is particularly appropriate in class and collective actions like these. When faced with FLSA overtime cases similar to the ones at issue here, courts throughout the country have routinely consolidated them. *See Gonzales v. New England Tractor Trailer Training School*, 932 F. Supp. 697 (D. Md. 1996) (consolidating two FLSA overtime cases filed by separate plaintiffs); *Hanley v. Hand 'N Heart, L.L.C.*, No. 4:06-cv-71, 2007 U.S. Dist. LEXIS 5027 (E.D. Va. Jan. 22, 2007) (consolidating two FLSA overtime cases

both seeking collective treatment because legal questions in both was applicability of a particular FLSA overtime exemption); *Coultrip v. Pfizer, Inc.*, No. 06-cv-9952, 2011 U.S. Dist. LEXIS 34213 (S.D.N.Y. Mar. 24, 2011) (consolidating three FLSA collective actions); *Franco v. Ideal Mortgage Bankers, Ltd.*, No. 07-civ-3956, 2009 U.S. Dist. LEXIS 91570 (consolidating two FLSA collective actions).

### B. Consolidation is appropriate

Based on the nature of the two actions and their current procedural posture, consolidation under Rule 42 is appropriate. The Parties in *Dinkel* and *Freeman* all consent to consolidation and jointly file this motion, and consolidation of these two actions does not prejudice any Party. Given the nearly identical nature of the claims asserted in the *Dinkel* and *Freeman* actions, and the agreement in principle between the Parties to settle these lawsuits together, their consolidation significantly reduces the risk of the duplication and waste of judicial and other resources, as well as the risk of inconsistent rulings in connection with the Parties' forthcoming motion for settlement approval.[1] Consolidation will conserve resources, minimize the risk of inconsistent rulings, and avoid duplicative litigation. *See MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) (consolidation serves purpose of "trial convenience and economy in administration"). Accordingly, the Court should grant the Parties' motion to consolidate, and allow the filing of the Consolidated Amended Complaint.

---

[1] Because the settlement of these actions will include the resolution, release and dismissal of claims under the FLSA, the Parties are required to seek Court approval of the settlement. *See Lynn's Food Stores, Inc. v. U.S. Department of Labor*, 679 F.2d 1350 (11th Cir. 1982); *Eley v. Stadium Grp., LLC,* 236 F. Supp. 3d 59, 62-63 (D.D.C. 2017).

## V. CONCLUSION

For the reasons set forth herein, the Parties respectfully ask this Court to grant their Motion, consolidate these cases pursuant to Rule 42(a) and authorize Plaintiffs to file their proposed Consolidated Amended Complaint.

Respectfully submitted,

Dated: January 16, 2018

*/s/ Joshua B. Waxman*
Joshua B. Waxman, D.C. Bar 482135
S. Libby Henninger, D.C. Bar 976352
Littler Mendelson, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
202.842.3400 (telephone)
202.842.0011 (facsimile)
Email: jwaxman@littler.com
       lhenninger@littler.com

Angelo Spinola, admitted *pro hac vice*
LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E., Suite 1500
Atlanta, GA 30326
404.233.0330 (telephone)
404.233.2361 (facsimile)
Email: aspinola@littler.com

*Counsel for Freeman Defendants*

Dated: January 16, 2018

/s/ *Emmett F. McGee, Jr.*
Emmett F. McGee, Jr. (D.C. Bar No. 456498)
JACKSON LEWIS, P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2003
(410) 415-2001 fax
emmett.mcgee@jacksonlewis.com

*Counsel for Dinkel Defendants*

Dated: January 16, 2018 /s/ *David J. Cohen*
David J. Cohen (*pro hac vice*)
STEPHAN ZOURAS, LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
(312) 233-1560 fax
dcohen@stephanzouras.com

Gary E. Mason
Danielle L. Perry
WHITFIELD BRYSON & MASON LLP
5101 Wisconsin Ave. NW, Ste. 305
Washington, D.C. 20016
(202) 429-2290
(202) 429-2294 fax
gmasony@wbmllp.com
dperry@wbmllp.com

Nicholas A. Migliaccio
Jason S. Rathod
MIGLIACCIO & RATHOD LLP
412 H St NE, Suite 302
Washington, D.C. 20002
(202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*Class Counsel*